**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Orlando Huari Ramos,

*Plaintiff*,

-against-

A & F RESTAURANT INC,
ALEX ASADOORIAN, NIKKI
ASADOORIAN

*Defendants.*

--------------------------------------------------------X

**Civil Action No.:**

**COMPLAINT**
**JURY TRIAL DEMANDED**

Orlando Huari Ramos ("Plaintiff") by and through his/her attorneys, Naydenskiy Law

Firm, LLC, upon his/her knowledge and belief, and as against A & F RESTAURANT

INC., ALEX ASADOORIAN, NIKKI ASADOORIAN

, (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff Orlando Huari Ramos ("Plaintiff Ramos") is a former employee of A &
   F RESTAURANT INC.

2. Plaintiff Ramos was employed as a kitchen chef from approximately 2019
   through approximately March 2024.

3. Defendants own, operate, and/or control a restaurant located at 63 Welcher Ave,
   Peekskill, NY 10566.

4. At all times relevant to this Complaint, Plaintiff worked for Defendants in excess
   of 40 hours per week without appropriate overtime compensation for the hours
   worked each week over 40 hours.

5. Further, Defendants failed to provide Plaintiff with the proper wage notices and statements required under New York Labor Laws.

6. Plaintiff now brings this action for unpaid overtime wages and minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 et seq. and 650 et seq. ("NYLL"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs state law claims is conferred by 28 U.S.C. § 1367(a).

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

9. A & F RESTAURANT INC is a domestic corporation organized and existing under the laws of the State of New York. It a restaurant located at 63 Welcher Ave, Peekskill, NY 10566.

10. ALEX ASADOORIAN is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

11. ALEX ASADOORIAN is being sued in his/her individual capacity as an employer.

12. ALEX ASADOORIAN possessed substantial control over Plaintiff's working conditions and held power over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

13. ALEX ASADOORIAN had the power to hire and fire Plaintiff and other employees of the Defendants.

14. ALEX ASADOORIAN hired Plaintiff and set Plaintiff's pay rate.

15. ALEX ASADOORIAN hired staff and managed the business.

16. ALEX ASADOORIAN had the authority to set Plaintiff's schedules.

17. ALEX ASADOORIAN assigned Plaintiff's duties and schedule.

18. ALEX ASADOORIAN set Plaintiff's pay rate.

19. ALEX ASADOORIAN had the power to enter into executory contracts on behalf of the business, including the lease.

20. ALEX ASADOORIAN managed and controlled the payroll practices of the Defendants.

21. ALEX ASADOORIAN employed Plaintiff within the meaning of 29 U.S.C. § 201 et seq. and the NYLL.

22. NIKKI ASADOORIAN is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

23. NIKKI ASADOORIAN is being sued in his/her individual capacity as an employer.

24. NIKKI ASADOORIAN possessed substantial control over Plaintiff's working conditions, and held power over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

25. NIKKI ASADOORIAN had the power to hire and fire Plaintiff and other employees of the Defendants.

26. NIKKI ASADOORIAN hired staff and managed the business.

27. NIKKI ASADOORIAN had the authority to set Plaintiff's schedules.

28. NIKKI ASADOORIAN assigned Plaintiff's duties and schedule.

29. NIKKI ASADOORIAN set Plaintiff's pay rate.

30. NIKKI ASADOORIAN had the power to enter into executory contracts on behalf of the business, including the lease.

31. NIKKI ASADOORIAN managed and controlled the payroll practices of the Defendants.

32. NIKKI ASADOORIAN employed Plaintiff within the meaning of 29 U.S.C. § 201 et seq. and the NYLL.

33. In the alternative, Defendants constitute a single employer of Plaintiff.

34. At all relevant times, Defendants were Plaintiff's employer within the meaning of the FLSA and New York Labor Law.

35. Upon information and belief, Defendants have had a gross annual volume of revenue of not less than $500,000.

**PLAINTIFF**

36. Plaintiff Orlando Huari Ramos ("Plaintiff Ramos") was employed by Defendants from approximately 2019 to approximately March 2024.

37. Throughout his/her employment with the defendants, Plaintiff Huari Ramos was employed as a kitchen chef.

38. Plaintiff's work was supervised, and his/her duties required neither discretion nor independent judgment.

39. Plaintiff Huari Ramos regularly worked in excess of 40 hours per week.

40. From approximately 2019 to March 2024, Plaintiff Huari Ramos worked five to six days a week, approximately twelve to twelve and a half hours a day, approximately sixty to seventy-five (60–75) hours per week.

41. From in or around 2019 to March 2024, Defendants paid Plaintiff Huari Ramos $800 per week, with no overtime premium applied[1].

42. Defendants never provided Plaintiff Huari Ramos with each payment of wages a proper statement of wages, as required by NYLL 195(3).

43. Defendants failed to provide Plaintiff Huari Ramos all of the proper and complete notices in English and in Spanish (Plaintiff's primary language), of his/her rate of pay, the employer's regular pay day, and such other information as required by NYLL §195(1) upon being hired or each change in rate of pay.

44. Plaintiff now brings this action for unpaid overtime wages and minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq.

---

[1] Occasionally, when Plaintiff complained about excessive hours, the owner made a small cash payment of $50–$100, but these did not reflect overtime wages owed.

(FLSA), and for violations of the NY Labor Law §§ 190 et seq. and 650 et seq., including applicable liquidated damages, interest, and costs.

### FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

45. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

46. Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

47. Defendant's failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

48. Plaintiff was damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

49. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

50. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-

half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

51. Defendant's failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

52. Plaintiff was damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NOTICE

### REQUIREMENT OF THE NEW YORK LABOR LAW

53. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

54. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

55. Defendants' failure to provide Plaintiff with a written notice resulted in Plaintiff's working without knowledge of his/her correct pay frequency and overtime rate.

56. Because Plaintiff did not receive the required information in the form of a notice containing his/her correct overtime rate, Defendant was able to pay him/her without proper overtime premium.

57. Plaintiff didn't know he/she were supposed to be paid overtime. Accordingly, he/she lost out on the ability to advocate for it and be paid according to the law's requirements.

58. Defendants did not provide wage statements and notices to disguise the actual numbers of hours the Plaintiff worked and to avoid paying the overtime wage.

59. Plaintiff was denied his/her ability to proper document his/her hours worked and pay received and his/her ability to document his/her income and employment history has been compromised by the Defendants' failure to issue proper notices and statements.

60. Plaintiff was denied the ability to properly document his/her employment and income history.

61. Defendants are liable to Plaintiff in the amount of **$5,000**, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

62. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

63. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

64. Defendants' failure to provide Plaintiff with proper wage statements resulted in Plaintiff working without knowledge of his/her correct overtime rate.

65. Because Plaintiff did not receive the required information in the wage statements containing his/her correct overtime rate, Defendant was able to pay his/her without the proper overtime premium.

66. Plaintiff didn't know he/she was supposed to be paid overtime. Accordingly, he/she lost out on the ability to advocate for it and be paid according to the law's requirements.

67. Defendants did not provide wage statements and notices to disguise the actual numbers of hours the Plaintiff worked and to avoid paying the overtime wage.

68. Plaintiff was denied his/her ability to proper document his/her hours worked and pay received and his/her ability to document his/her income and employment history has been compromised by the Defendants' failure to issue proper notices and statements.

69. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:**

(a)    Declaring that Defendants violated the minimum wage and overtime wage provisions of, and associated rules and regulations under, the FLSA as to the Plaintiff;

(b)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to the Plaintiff;

(d)    Awarding the Plaintiff damages for the amount of unpaid minimum wages, overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e)    Awarding the Plaintiff liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f)    Declaring that Defendants violated the minimum and overtime wage provisions of, and rules and orders promulgated under, the NYLL as to the Plaintiff;

(g)    Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to the Plaintiff;

(h)    Declaring that Defendants violated the recordkeeping requirements of the NYLL

with respect to the Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(i)      Declaring that Defendant's violations of the New York Labor Law were willful as to the Plaintiff;

(J)      Enjoining Defendants from future violations of the NYLL;

(k)      Awarding the Plaintiff damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as    well as awarding spread of hours pay under the NYLL as applicable;

(l)      Awarding the Plaintiff damages for Defendants' violation of the NYLL notice and wage statement provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)      Awarding the Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(n)      Awarding the Plaintiff pre-judgment and post-judgment interest as applicable;

(o)      Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(p)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)      All such other and further relief as the Court deems just and proper.

**JURY DEMAND**

**Plaintiff demands a trial by jury on all issues triable by a jury.**

Dated:  7/7/26

By:     */s/ Gennadiy Naydenskiy*

Gennadiy Naydenskiy (GN5601)
Naydenskiy Law Firm, LLC
426 Main St, #201
Spotswood, NJ, 08884
718-808-2224

*Attorneys for Plaintiff*